**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP ) <br> 1919 Pennsylvania Avenue, N.W., Suite 200 ) <br> Washington, D.C.  20006 ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT J. GEORGE; ) <br> CUSTOM COMMUNICATIONS ) <br> INTERNATIONAL, INC.; ) <br> BOSTON PUBLISHING ) <br> COMPANY, INC. ) <br> One Gateway Center, Suite 651 ) <br> Newton, MA  02458 ) <br> ) <br> Defendants ) <br> ) | Case No. _____ |

**COMPLAINT**

Plaintiff Cole Raywid & Braverman, LLP ("CRB"), in complaint against defendants Custom Communications International, Inc. ("CCI"), Boston Publishing Company, Inc. ("Boston Publishing"), and Robert J. George ("George") individually, and as President & Chief Operating Officer ("CEO") and alter ego of CCI, and President and alter ego of Boston Publishing, state as follows:

1.      This is an action to recover attorney's fees and costs for legal services performed, billed, and unpaid, in which CRB seeks monetary relief in the form of payment of attorney's fees and costs incurred for legal services rendered pursuant to the validly executed Fee Agreement dated July 22, 2002, between CRB and CCI (attached as Exhibit A hereto).  In addition, CRB seeks enforcement of the Promissory Note entered by CCI and George as President and CEO of

CCI, and in his individual capacity as well, to personally guarantee the indebtedness of CCI to CRB, signed and dated January 2, 2003 (attached as Exhibit B hereto).

## PARTIES

2.    Plaintiff CRB is a limited liability partnership duly organized and existing under the laws of the District of Columbia, with a principal place of business in Washington, D.C. Plaintiff CRB at all times provided legal services to CCI by, or under the direct supervision of, attorneys licensed to practice in the District of Columbia.

3.    Defendant CCI is a privately held corporation organized and incorporated in the Commonwealth of Massachusetts with its principal place of business in Newton, Middlesex County, Massachusetts, and is controlled by its President & CEO George.

4.    Defendant George, a resident of the Commonwealth of Massachusetts, is the sole personal guarantor pursuant to the Promissory Note entered into by and between Plaintiff CRB and Defendant George.

5.    Defendant Boston Publishing is a privately held corporation organized and incorporated in the Commonwealth of Massachusetts with its principal place of business in Newton, Middlesex County, Massachusetts, and is controlled by its President George, and on information and belief, is successor-in-interest to CCI.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1), in that CRB is a limited liability partnership organized and existing in the District of Columbia, See Fed. R. Civ. P. 17(b); D.C. Code § 33-103.07, while CCI and Boston Publishing are Massachusetts corporations and George is a resident and citizen of the Commonwealth of Massa-

COMPLAINT                    - 2 -

chusetts, such that this suit is between citizens of different States, and the amount in controversy under the Fee Agreement and Promissory Note exceeds $75,000 exclusive of interests and costs.

7.      Venue is proper under 28 U.S.C. § 1391(a)(2), because a substantial part of the events and omissions giving rise to the claim occurred in the District of Columbia, specifically, CRB's provision of legal services to CCI, and because the Fee Agreement and Promissory Note state that the parties agree that enforcement suits may be brought in this District.

## FACTS

8.      Defendant CCI under the direction of Defendant George designs, produces, and publishes magazines and newsletters for businesses, organizations, and other parties in need of CCI's services.

9.      Defendant Boston Publishing under the direction of Defendant George designs, produces, and publishes, *inter alia*, magazines and newsletters for businesses, organizations, and other parties in need of Boston Publishing's services.

10.     In 2001, CCI entered a contract with The National Society of the Daughters of the American Revolution ("NSDAR") under which CCI was responsible for, *inter alia*, the layout, design, artwork, graphics, writing, editing, printing, quality control and production of a NSDAR magazine and newsletter, which ultimately was published as *American Spirit* magazine.

11.     In early July 2002, after publication of six bimonthly issues of *American Spirit*, NSDAR filed a complaint against CCI in the United States District Court for the District of Columbia relating to NSDAR's termination of the parties' publishing contract.

12.     CCI retained CRB to represent it in the lawsuit and on July 22, 2002, executed a Fee Agreement memorializing the attorney-client relationship and formalizing the parties' business relationship.  (Exh. A)

COMPLAINT                                    - 3 -

13.    Under the Fee Agreement, CCI "employ[ed] CRB as its attorneys at law to represent it in connection with its defense of the [NSDAR suit], any counterclaims that may be asserted therein, and any matters ancillary to that representation." (Exh. A ¶ I)

14.    CCI agreed in the Fee Agreement, "[i]n consideration of the legal services provided by CRB," to "pay CRB on an hourly basis, at its then prevailing standard hourly rates, for all services rendered" on CCI's behalf, and CCI paid "as a retainer, the sum of $5,000, which [] shall be held by CRB during the course of its work ... and applied to payment of [the] final bill" therefor. (Exh. A ¶¶ II, VI)

15.    CCI further agreed to "be liable for all expenses reasonably incurred by CRB in representing" CCI, including "some or all of the following:  filing fees, copying charges, telephone charges, postage and delivery charges, local counsel fees, travel charges, secretarial overtime, computerized legal research, messenger fees, and other incidental fees." (Exh. A ¶ III)

16.    The Fee Agreement also provided that payment of bills rendered by CRB on a monthly basis for the fees and expenses CCI incurred "shall be due within thirty (30) days of receipt," and that "a service charge of 1 percent per month may be added to all balances out-standing for more than 45 days from the date of billing." (Exh. A ¶ IV)

17.    CCI agreed that if it did "not promptly pay any amounts due under [the Fee] Agreement, and should it become necessary for CRB to ... commence an action in court to collect such sums, ... such suit may be brought in any of the courts of the District of Columbia," and CCI would "pay all costs and attorneys fees incurred incident to such collection efforts." (Exh. A ¶ V)

18.    CRB performed legal services for CCI, including but not limited to defending the NSDAR suit, bringing a counterclaim in that action, and otherwise litigating and, ultimately, helping CCI settle, the dispute with NSDAR.

19.    By year-end 2002, CCI had incurred indebtedness to CRB under the Fee Agreement in the amount of nearly $193,000, of which CCI paid $127,000 out of the proceeds of the settlement with NSDAR, while for the remaining approximately $66,000, George executed a Promissory Note both on behalf of CCI as its President and CEO, and in his personal capacity as guarantor on the Promissory Note. (Ex. B at 1)

20.    Under the Promissory Note, CCI "promise[d] to pay CRB the balance of all billed and unbilled legal fees and expenses owing to CRB by CCI (approximately $66,000) in two equal payments, the first of which shall be made within thirty (30) days from the date of th[e] Promissory Note, and the second of which (which shall also include any trailing out-of-pocket expenses and additional legal fees incurred in connection with the completion of settlement and dismissal of the [NSDAR] case) within sixty (60) days of th[e] Promissory Note." (Exh. B ¶ 3)

21.    The Promissory Note also recited that "Robert George, individually, personally guarantees the full performance of CCI in each of the respects" specified in the Promissory Note, and, further, that "CCI and Mr. George agree that in the event either of them should fail to perform the obligations" of the Promissory Note, "they waive any requirement of presentment and notice, agree to a confession of judgment in the amount of any unpaid legal fees and expenses then owing to CRB together with interest on such amounts" and that CRB may bring suit in the District of Columbia … to enforce th[e] Promissory Notice," in which case "CCI and Mr. George, jointly and severally, shall reimburse CRB for any legal fees and expenses incurred in collecting." (Exh. B ¶¶ 4-5)

COMPLAINT                            - 5 -

22.    Shortly after execution of the Promissory Note and in reliance thereon, and in expectation of payment of all outstanding sums thereunder, CRB agreed to continue representing CCI in defending claims by NSDAR that CCI breached its settlement agreement with NSDAR, and did in fact render services to CCI in that regard, resulting in the accrual of further fees and expenses that CCI owed CRB, in the amount of $26,293.81.

23.    Notwithstanding execution of the Promissory Note and the additional legal services rendered to CCI thereafter, neither CCI nor George made either of the payments called for by the Promissory Note or paid for the additional services rendered.

24.    Between the unpaid balance outstanding at the time of the Promissory Note, and the fees and expenses for services rendered by CRB thereafter, by early 2003 CCI and George owed CRB $75,282.70 exclusive of interest, and with the interest accrued thereon in accordance with the Fee Agreement and Promissory Note, currently are indebted to CRB in an amount of nearly $87,400.

25.    Since 2003, CCI and George have failed to satisfy their outstanding debt to the firm despite CRB's efforts to collect.

26.    CRB has demanded payment repeatedly from CCI and George, and while George has made assurances that the outstanding balance would be paid, CRB's efforts to collect have been fruitless.

27.    George has claimed that CCI has been dissolved.

28.    Meanwhile, the design, production, and publication of, *inter alia*, magazines and newsletters for businesses, organizations, and other parties, such as that CCI has provided has continued through Boston Publishing, which George controls.

COMPLAINT                                        - 6 -

29.    One of the pages at Boston Publishing's website (copy attached as Exhibit C hereto) claims that "over the years Boston Publishing Company has offered a range of publications and services to both the general consumer and to business markets," even though data available online through the Massachusetts Secretary of the Commonwealth, Corporations Division (copy attached as Exhibit D hereto) states that Boston Publishing Company's "date of organization" was April 10, 2007.

30.    Elsewhere on Boston Publishing's website, at its "home" page (copy attached as Exhibit E hereto) the company invites visitors to "visit other CCI websites" in addition to the Boston Publishing site.

31.    On information and belief, Boston Publishing has absorbed, carried on the activities of, and/or is the successor-in-interested to, CCI.

32.    As a result of CCI's and George's continued failure to make good on the promises to pay and because the amount outstanding is excessive and has been outstanding for so long, after attempting for nearly four years to work out payment options and accommodations with CCI and George, CRB has finally been forced to file this suit to recover legal fees and costs owed.

### Count I

### (Contract – Fee Agreement)

33.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.    Plaintiff was engaged by defendants CCI and George under contract, specifically, the Fee Agreement, whereby plaintiff provided legal services and representation in CCI's suit with NSDAR.

COMPLAINT                               - 7 -

35.     The terms of that Fee Agreement provide for plaintiff to be paid at its prevailing hourly rates for all services rendered.

36.     The Fee Agreement further provides that upon Plaintiff's institution of collection processes for non-payment of fees billed, defendant CCI agrees to pay all costs and attorney's fees incurred incident to such collection process.

37.     Plaintiff rendered valuable legal services under the terms of the Fee Agreement from 2002 through 2003.

38.     Plaintiff has incurred costs during its representation of Defendants under the terms of the Fee Agreement from 2002 through 2003.

39.     At all times Plaintiff provided Defendants with timely billing invoices.

40.     Before instituting this proceeding, Plaintiff made numerous demands on Defendant to pay outstanding bills for fees earned and costs incurred, and Plaintiff was given numerous assurances that payment would be made.

41.     Nonetheless, no payment has been forthcoming, and Defendants CCI and George thus have breached the terms of the Fee Agreement by failure to pay outstanding bills for fees earned and costs incurred.

42.     Defendants CCI and George have outstanding bills and invoices in the amount of $87,381.27, exclusive of the costs of this action.

### Count II

### (Contract – Guaranty)

43.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     Defendants executed a Promissory Note providing the promise to pay all outstanding fees and expenses due CRB, and containing George's promise to be personally responsible and liable for the full performance of CCI and in favor of Plaintiff CRB.

45.     The Promissory Note provides specifically for George's guarantee of all payments due to CRB from CCI pursuant to the Fee Agreement, and any additional legal fees incurred in connection with the representation that as of the date of the Promissory Note had yet to accrue or be incurred.

46.     In reliance on the Promissory Note CRB forestalled collection on the amounts due it from CCI under the Fee Agreement and rendered additional services to CCI, for which further fees and expenses were incurred and have not been paid.

47.     The Promissory Note is a bargained for, validly executed, enforceable contract to be governed by the laws of the District of Columbia.

48.     Defendant George, under the Promissory Note, is now personally liable and responsible for payment of bills pursuant to the Fee Agreement that remain unpaid by CCI.

49.     Plaintiff CRB has made demand for payment on Defendants, and in particular on Defendant George, to pay CCI's outstanding bills due and owing to CRB.

50.     Despite assurances that payment would be forthcoming, Defendants have not paid outstanding bills due by CCI and have thus breached the Promissory Note.

51.     Plaintiff CRB is entitled to a judgment to collect on CCI's bills outstanding in the amount of $87,381.27, representing fees earned and costs incurred by Plaintiff CRB in its representation of CCI, exclusive of costs of this action.

## Count III

### (Unjust Enrichment)

52.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.    From July 2002 through April 2003, CRB provided legal services to CCI under the Fee Agreement and, later, the Promissory Note.

54.    Defendants knowingly accepted such services and enjoyed the benefit from them.

55.    The legal services rendered, including the fees for labor and the charges CRB expended, minus amounts previously paid by CCI, are reasonably worth the sum of $75,282.70.

56.    Defendants have not paid any of the amounts due to CRB.

57.    It would unjustly enrich CCI and/or George to allow it to retain the benefits of the services provided by CRB without compensation.

## Count IV

### (Money Due on Account)

58.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.    Defendants CCI and George are liable to Plaintiff CRB on a running account in the amount of $87,381.27, exclusive of the costs of this action.

### RELIEF

WHEREFORE, for the reasons stated above, Plaintiff, Cole Raywid & Braverman, LLP, respectfully requests that the Court enter judgment in its favor and against Defendants Robert J. George individually, and Custom Communications International, Inc. and/or Boston Publishing Company, Inc., and grant CRB monetary relief of $87,381.27 for amounts due outstanding,

together with reasonable attorneys fees and costs incurred in bringing this action, and post-judgment interest and for whatever other relief this Court deems just and proper.

Dated this 13th day of December, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE L.L.P.

Ronald G. London – Bar No. 456284
Brigham J. Bowen – Bar No. D00301
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006
(202) 973-4200

ATTORNEYS FOR PLAINTIFF

Address of Plaintiff:

Cole Raywid & Braverman, LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006

COMPLAINT                        - 11 -

# EXHIBIT A

**COLE, RAYWID & BRAVERMAN, L.L.P.**
**FEE AGREEMENT**

*I.    AGREEMENT TO RETAIN CRB*: Custom Communications International, Inc. hereby employs the law firm of COLE, RAYWID & BRAVERMAN, L.L.P. ("CRB") as its attorneys at law, to represent it in connection with its defense of *The National Society of the Daughters of the American Revolution v. Custom Communications International, Ind.*, No. 02 1341 (TPJ) (D.D.C.), any counterclaims that may be asserted therein, and any matters ancillary to that representation.

*II.    FEES*: In consideration of the legal services provided by CRB, we agree to pay CRB on an hourly basis, at its then prevailing standard hourly rates, for all services rendered on our behalf.

*III.    EXPENSES*: We will be liable for all expenses reasonably incurred by CRB in representing us. These expenses may include some or all of the following: filing fees, copying charges, telephone charges, postage and delivery charges, local counsel fees, travel charges, secretarial overtime, computerized legal research, messenger fees, and other incidental expenses.

*IV.    BILLING AND PAYMENT; SERVICE CHARGE*: We understand that invoices for legal services and expenses will be rendered by CRB monthly, and that payment of such bills shall be due within thirty (30) days of receipt. We agree that a service charge of 1 percent per month may be added to all balances outstanding for more than 45 days from the date of billing. We agree that CRB may cease to perform work for us under this Agreement should our account become delinquent.

*V.    COLLECTION; ATTORNEY FEES*: Should we not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to retain attorneys and/or commence an action in court to collect such sums, we agree that such suit may be brought in any of the courts in the District of Columbia, and we agree to pay all costs and attorneys fees incurred incident to such collection efforts.

*VI.    RETAINER*: We agree to pay to CRB, as a retainer, the sum of $5,000.00, which sum shall be held by CRB during the course of its work for us, and applied to payment of our final bill.

*CUSTOM COMMUNICATIONS*
*INTERNATIONAL, INC.*

By:     _____
Name:   ROBERT GEORGE
Title:  Pres & CEO
Dated:  7-22-02

Retainer check en route along with magazines

# EXHIBIT B

# PROMISSORY NOTE

WHEREAS, Cole, Raywid & Braverman, LLP. ("CRB") has provided legal services to, and incurred expenses on behalf of, Custom Communications International, Inc. ("CCI") in connection with litigation in the District of Columbia.

WHEREAS, the bills previously rendered by CRB to CCI have amounted to approximately $107,957.97, and the services provided in October, November and December 2002 have amounted to approximately $85,000.00, the latter amount of which has not yet been billed by CRB to CCI,

WHEREAS, settlement funds previously deposited in a CRB escrow account may now be disbursed by CRB due to the settlement of the CCI litigation,

NOW, THEREFORE,

1.      CCI authorizes CRB to transfer $127,000.00 from its Escrow Account to its General Account in payment of that amount of billed and unbilled legal fees and expenses.

2.      CCI directs CRB to wire the remaining $48,000.00 from its Escrow Account to the CCI bank account.

3.      CCI promises to pay CRB the balance of all billed and unbilled legal fees and expenses owing to CRB by CCI (approximately $66,000.00) in two equal payments, the first of which shall be made within thirty (30) days from the date of this Promissory Note, and the second of which (which shall also include any trailing out-of-pocket expenses and additional legal fees incurred in connection with the completion of settlement and dismissal of the case) within sixty (60) days of the date of this Promissory Note.

4.      Robert George, individually, personally guarantees the full performance of CCI in each of the respects described above.

159539_1.DOC

5.    CCI and Mr. George agree that in the event that either of them should fail to perform the obligations described above, they waive any requirement of presentment and notice, agree to a confession of judgment in the amount of any unpaid legal fees and expenses then owing to CRB together with interest on such amounts from the date of this Promissory Note, agree that CRB may bring suit in the District of Columbia (under D.C. law, but not applying any state's choice of law provisions) to enforce this Promissory Note, and agree that CCI and Mr. George, jointly and severally, shall reimburse CRB for any legal fees and expenses incurred in collecting upon this Note.

**CUSTOM COMMUNICATIONS INTERNATIONAL, INC.**

By: _____
Robert George

Date: _____

**ROBERT GEORGE**

_____
Robert George

Date: _____

**NOTARY:**

Sworn to me and subscribed this __2__ day of ___January___, 2003.

_____
Notary Public

My Commission Expires:
9/1/2006

159539_1.DOC

# EXHIBIT C



# About BPC

A respected New England firm for many decades, Boston Publishing Company, Inc. is primarily known for its distinctive books and periodicals. The company is a leader in direct marketing, which has been its primary means of distribution for more than twenty-five years.

Boston Publishing Company engages in the publication of single-volume history books, multi-volume book series, professional and consumer newsletters, medical and business handbooks, directories, maps, aeronautical charts, and Web content; all are benchmarks in their respective markets.

Boston Publishing is best known for the landmark book series titled The Vietnam Experience. This widely acclaimed twenty-five volume set of books retains its place as a cornerstone of the growing literature of that momentous period. Boston Publishing is especially proud of the ground breaking research, meticulous scholarship, and painstaking editorial craftmanship behind this landmark series. The New York Times called this work "the source on Vietnam", and John Kenneth Galbraith nominated the series twice for a Pulitzer Prize. In all, Boston Publishing has probably compiled and published more authoritative material on this subject than any other single publisher.

Over the years Boston Publishing Company has offered a range of publications and services to both the general consumer and to business markets. Books, newsletters, handbooks, directories, manuals, maps, charts, catalogs, and Web content have addressed topics varying in scope from business management and real estate to aviation safety, medicine, history, architecture, and the decorative arts. Boston Publishing Company continues to build on this strong base to refine its current products and welcome new challenges.

Newsletters | Magazines | Books | Web Content | Direct Mail
About BPC | Credentials | Contact Us

**BOSTON PUBLISHING COMPANY, INC.**
One Gateway Center, Suite 651
Newton, MA 02458
Phone: (617) 969-0700
TollFree: (800) 872-8122
Fax: (617) 969-0740
Email: www@bostonpublishing.com

# EXHIBIT D

Case 1:07-cv-02242-JR     Document 1     Filed 12/13/2007     Page 21 of 25



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

**BOSTON PUBLISHING COMPANY, INC.** Summary Screen

Help with this form

| Request a Certificate |

**The exact name of the Domestic Profit Corporation:** BOSTON PUBLISHING COMPANY, INC.

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 000948995

**Date of Organization in Massachusetts:** 04/10/2007

**Current Fiscal Month / Day:** 12 / 31

**The location of its principal office in Massachusetts:**
No. and Street: ONE GATEWAY CENTER, UISTE 651
City or Town: NEWTON          State: MA    Zip: 02458   Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:          State:          Zip:          Country:

**Name and address of the Registered Agent:**
Name: ROBERT J. GEORGE
No. and Street: ONE GATEWAY CENTER, SUITE 651
City or Town: NEWTON          State: MA    Zip: 02458   Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | ROBERT J. GEORGE | ONE GATEWAY, SUITE 651<br>NEWTON, MA 02458 USA | |
| TREASURER | ROBERT J. GEORGE | ONE GATEWAY, SUITE 651<br>NEWTON, MA 02458 USA | |
| SECRETARY | ROBERT J. GEORGE | ONE GATEWAY, SUITE 651<br>NEWTON, MA 02458 USA | |
| DIRECTOR | ROBERT J. GEORGE | ONE GATEWAY, SUITE 651<br>NEWTON, MA 02458 USA | |

business entity stock is publicly traded:     __

The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding |
|---|---|---|---|---|
| | | *Num of Shares* | *Total Par Value* | *Num of Shares* |
| CNP | $0.00000 | 275,000 | $0.00 | 0 |

__ Consent          __ Manufacturer          __ Confidential Data          __ Does Not Require Annual Report

__ Partnership     **X** Resident Agent     __ For Profit                      __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Administrative Dissolution
Annual Report
Application For Revival
Articles of Amendment

[ View Filings ]     [ New Search ]

| Comments |
|---|
| |

© 2001 - 2007 Commonwealth of Massachusetts
All Rights Reserved

Help

# EXHIBIT E

Boston Publishing Company, Inc.

# Boston Publishing Company, Inc.

**Boston Publishing Company, Inc.**

- Books
- Newsletters
- Magazines
- Web Content
- Direct Mail
- About BPC
- Credentials
- Contact Us

**Back to Home**



Welcome to Boston Publishing Company (BPC). At this site you will find information about our company and the publishing and other communication services we provide to our clients.

Boston Publishing is a full service publisher. We create newsletters, magazines, books, direct mail and Web site content for our clients. Our staff manages everything from edit, art and design through print, circulation, distribution and database management. We produce content for both print and electronic publications.

Because publishing is our only business we can produce higher quality publications for a lower cost than companies or associations are able to do in-house. With BPC you can outsource your communications to a company that knows publishing and direct marketing and can execute programs based on your objectives.

We work for major corporations around the world. Our staff knows how to harness and enhance the power of your data base. Target marketing and communications is our business.

Keep exploring this site and you will find that BPC has all the tools to develop a program that fits your company's needs. Please call us at: 617-969-0700 for more information. Thank you.

Or, e-mail us at: www@bostonpublishing.com

Thank you for visiting us at Boston Publishing Company.

Newsletters | Magazines | Books | Web Content | Direct Mail
About BPC | Credentials | Contact Us

**BOSTON PUBLISHING COMPANY, INC.**
One Gateway Center, Suite 651
Newton, MA 02458
Phone: (617) 969-0700
TollFree: (800) 872-8122
° Fax: (617) 969-0740
Email: www@bostonpublishing.com



Please visit our custom
publishing division at
http://www.stratcomminc.com%20target=/

**Please visit other CCI websites at:**
OpenMagazine.net | StratComm.info| VietnamExperience.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cole Raywid & Braverman, LLP | Robert J. George; Custom Communications International, Inc.; Boston Publishing Company, Inc. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ronald G. London
Brigham J. Bowen
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ◉ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**◉ E. General Civil (Other)          OR          ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This is a diversity action under 28 U.S.C. § 1332(a)(1) for breach of contract of money due on account.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** [87,381 and additional fees and costs]   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/13/2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.