IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP,<br>    Plaintiff,<br><br>v.<br><br>ROBERT J. GEORGE, CUSTOM<br>COMMUNICATIONS INTERNATIONAL, INC.,<br>BOSTON PUBLISHING COMPANY, INC.,<br>STRATCOMM, INC., STRATEGIC<br>COMMUNICATIONS, INC., CUSTOM<br>COMMUNICATIONS, LLC<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-CV-2242-JR<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CUSTOM COMMUNICATIONS INTERNATIONAL, INC'S, MOTION TO DISMISS COUNTS I, III, IV, AND V OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant, Custom Communications International, Inc. ("CCI") submits this Memorandum of Law In Support Of CCI's Motion To Dismiss Counts I, III, IV, and V of the Plaintiff's Amended Complaint.

### FACTS

On April 13, 2001, CCI was incorporated in the Commonwealth of Massachusetts. On or about November 13, 2003, CCI was dissolved as a corporation. *See* Exhibit 1 attached hereto.

### ARGUMENT

1.     <u>Standard for Granting Dismissal Pursuant to 12(b)(6)</u>

A motion to dismiss for failure to state a claim upon which relief can be granted should succeed if "it appears beyond a doubt that [the plaintiff] can prove no set of facts

in support of his claim which would entitle him to relief." Fraser v. Gottfried, 636, A.2d 430, 432 (D.C. 1994); quoting McBryde v. Amoco Oil Co., 404 A.2d 200, 202 (D.C. 1979). The purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Fraser 636 A.2d at 432; quoting 5A C. Wright & A. Miller, Federal Practice And Procedure § 1356, at 294 (2d ed. 1990) (footnote omitted). Exhibits may be attached to Motions to Dismiss pursuant to 12(b)(6) that were referred to in the Complaint or when a plaintiff has failed to introduce pertinent documents into its Complaint. Piscota v. Shearson Lehman Brother, 629 A.2d 520, 525 (D.C. 1993); 5 C. Wright & A. Miller, Federal Practice And Procedure § 1327 at 762-63 (1990); see also Feinman v. Schulman Berlin & Davis, 677 F.Supp. 168, 170 n. 3 (S.D.N.Y.1988) (document referred to in pleadings but not attached thereto properly considered in motion to dismiss; document found to be incorporated by reference in complaint).

   2.   The Plaintiff's claims against CCI are barred by the applicable statute of limitations because the claims were brought more than three years after the dissolution of CCI.

A statute of limitations defense may be raised by a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6). Jones v. Rogers Memorial Hospital, 442 F.2d 773, 775 (D.C. Cir. 1971). The right to sue a foreign corporation is governed by the laws of the incorporating state. Fed. R. Civ. P. 17(b); Sedgwick v. Beasley, 173 F.2d 918, 919 (.D.C. Cir. 1941) (application of Pennsylvania law in determining statue of limitations for claims against dissolved Pennsylvania corporation).

The claims brought by the plaintiff, Cole Raywid & Braverman LLP, ("CRB") against CCI should be dismissed because the claims were brought after the applicable

statute of limitations expired. It is clear that Massachusetts law controls whether CRB filed suit within the applicable statute of limitations. Massachusetts General Law Chapter 155 § 51 ("G.L. 155 § 51") states in pertinent part that:

> Every corporation whose charter expires by its own limitation or is annulled by forfeiture or otherwise, or whose corporate existence for other purposes is terminated in any other manner, shall nevertheless be continued as a body corporate for <u>three years</u> after the time when it would have been so dissolved for the purpose of prosecuting and defending suits… for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after the final judgment in the suit. (Emphasis added)

G.L. 155 § 51. All potential claims against and on behalf of CCI were required to be instituted within three years of CCI's dissolution. CCI's dissolution occurred on November 13, 2003. Therefore, CRB was required to file its claims against CCI on or before November 13, 2006. CRB, however, did not file its claims against CCI until December 13, 2007 – <u>four years and one month after CCI's dissolution</u>. The statute of limitations expired for an entity to file "suit" against a dissolved Massachusetts corporation. Therefore, CRB's claims against CCI should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Custom Communications International, Inc. prays that the Court takes the following action:

(a) that the Court dismisses Count I of the Amended Complaint in its entirety;

(b) that the Court dismisses Count III of the Amended Complaint with respect to CCI;

(c) that the Court dismisses Count IV of the Amended Complaint with respect to CCI;

(d) that the Court dismisses Count V of the Amended Complaint with respect to CCI; and

(e) that the Court dismisses all claims against CCI with prejudice.

(f) any other relief the Court deems appropriate and just.

Respectfully Submitted,

CUSTOM COMMUNICATIONS
INTERNATIONAL, INC.


/s/ William H. Anderson
William H. Anderson, Esquire (DC Bar No. 502380)
CUNEO, GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

/s/ Andrew E. Goloboy
RONALD W. DUNBAR, JR (*pro hac vice admitted*)
ANDREW E. GOLOBOY (*pro hac vice admitted*)
DUNBAR LAW P.C.
10 High Street, Suite 700
Boston, MA 02110
Phone: 617-244-3550
Fax: 617-244-6363

Defendants Address (currently dissolved):
Custom Communications International, Inc
c/o Robert George
One Gateway Center
Newton, MA 0245

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2008.

/s/ Andrew E. Goloboy
Andrew E. Goloboy

Examiner

FEDERAL IDENTIFICATION
NO. 04-3559585

000749629

# The Commonwealth of Massachusetts

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## ARTICLES OF DISSOLUTION
(General Laws, Chapter 156B, Section 100)

We, _____Robert J. George_____, *President / *V̶i̶c̶e̶ P̶r̶e̶s̶i̶d̶ent,

and _____Robert J. George_____, *Clerk / *A̶s̶s̶i̶s̶t̶a̶n̶t̶ Clerk,

of _____Custom Communications International, Inc._____,
(Exact name of corporation)

located at: __189 Wells Avenue   Newton, MA   02459__
(Street address of corporation in Massachusetts)

certify as follows:

1. The name and post office address of each director and officer of the corporation is:

| | NAME | POST OFFICE ADDRESS |
|---|---|---|
| President: | Robert J. George | 138 Farm Road, Sherborn, MA 01770 |
| Treasurer: | Robert J. George | 138 Farm Road, Sherborn, MA 01770 |
| Clerk: | Robert J. George | 138 Farm Road, Sherborn, MA 01770 |
| Directors: | Robert J. George | 138 Farm Road, Sherborn, MA 01770 |

P.C.  3

*Delete the inapplicable words.

AROK   4/13/2001

156bads 4/5/00

2. On  December 31 , 20 02 , the dissolution of the corporation was duly authorized in the manner required by General Laws, Chapter 156B, Section 100, and notice of the proposed dissolution was duly given to the Commissioner of Revenue as required by said section.

3. The effective date of dissolution of the corporation shall be the date approved and filed by the Secretary of the Commonwealth. If a *later* effective date is desired, specify such date which shall not be more than *thirty days* after the date of filing.

**4. Other provisions deemed necessary by the corporation for its dissolution.

SIGNED UNDER THE PENALTIES OF PERJURY, this  18  day of  August , 20 03 ,

_____, *President / *~~Vice President~~,

_____, *Clerk / *~~Assistant~~ ~~Clerk~~.

*Delete the inapplicable words.
**If there are no such provisions, state "None".
Note: Provisions for which the space provided above is not sufficient should be made on one side of separate 8 1/2 x 11 sheets of white paper, numbered 2A, 2B, etc., with a left margin of at least 1 inch.

10171

860196

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF DISSOLUTION

(General Laws, Chapter 156B, Section 100)

I hereby approve the within Articles of Dissolution and, the filing fee in the amount of $ 100 having been paid, said application is deemed to have been filed with me this 3rd day of Nov , 20 03.

Effective date: ~~RECEIVED~~

NOV 1 3 2003

*signature*

WILLIAM FRANCIS GALVIN
*Secretary of the Commonwealth*

TO BE FILLED IN BY CORPORATION
Contact information:

Robert J. George, President

189 Wells Avenue

Newton, MA 02459

Telephone: 617-559-0081

Email: _____

A copy this filing will be available on-line at www.state.ma.us/sec/cor once the document is filed.