IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. GEORGE, CUSTOM )<br>COMMUNICATIONS INTERNATIONAL, INC., )<br>BOSTON PUBLISHING COMPANY, INC., )<br>STRATCOMM, INC., STRATEGIC )<br>COMMUNICATIONS, INC., CUSTOM )<br>COMMUNICATIONS, LLC )<br>    Defendants. )<br>) | Civil Action No. 07-CV-2242-JR<br><br>ANSWER<br><br>JURY TRIAL DEMANDED |

## ANSWER AND DEMAND FOR JURY TRIAL OF ROBERT J. GEORGE

Defendant, Robert J. George ("George"), hereby responds to the numbered paragraphs contained in the Plaintiff's Amended Complaint as follows:

1. Paragraph 1 does not require a response by George because it does not contain an allegation it is simply a subjective statement designed to create a mental impression.

2. George is without sufficient knowledge to admit or deny the allegation contained in Paragraph 2.

3. The first part of Paragraph 3 does not apply to George. George denies that he is the president and CEO of Custom Communications International, Inc. ("CCI")  By way of further response, CCI was dissolved in November 2003.

4. George admits that he is a resident of the Commonwealth of Massachusetts. George denies the enforceability of the Promissory Note referenced in Paragraph 4.

5. George admits that he is the President of Boston Publishing Company, Inc. ("BPI"). George denies that BPI is the alter ego of George. All other allegations contained in Paragraph 5 relate to BPI and CCI, therefore, no response is required from George.

6. George admits that he is the President of StratComm Inc. ("StratComm"). George denies that StratComm is the alter ego of George. All other allegations contained in Paragraph 6 relate to StratComm and CCI, therefore, no response is required from George.

7. George admits that he is the President of Strategic Communications Inc. ("SCI"). George denies that SCI is the alter ego of George. All other allegations contained in Paragraph 7 relate to StratComm and CCI, therefore, no response is required from George.

8. George admits that he is the Manager of Custom Communications LLC. ("CC LLC"). George denies that CC LLC is the alter ego of George. All other allegations contained in Paragraph 6 relate to StratComm and CCI, therefore, no response is required from George.

9. Admitted with respect to George.

10. Admitted with respect to George.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Admitted

16. The allegations contained in Paragraph 16 are not made against George, therefore, no response is required.

17. The allegations contained in Paragraph 17 are not made against George, therefore, no response is required.

18. The allegations contained in Paragraph 18 are not made against George, therefore, no response is required.

19. The allegations contained in Paragraph 19 are not made against George, therefore, no response is required.

20. The allegations contained in Paragraph 20 are not made against George, therefore, no response is required.

21. The allegations contained in Paragraph 21 are not made against George, therefore, no response is required.

22. The allegations contained in Paragraph 22 are not made against George, therefore, no response is required.

23. The allegations contained in Paragraph 23 are not made against George, therefore, no response is required.

24. The allegations contained in Paragraph 24 are not made against George, therefore, no response is required.

25. With respect to allegations against George contained in Paragraph 25, George states that the Promissory Note speaks for itself.

26. The allegations contained in Paragraph 26 are not made against George, therefore, no response is required.

27. With respect to allegations against George contained in Paragraph 27, George states that the Promissory Note speaks for itself.

28. The allegations contained in Paragraph 28 are not made against George, therefore, no response is required.

29. With respect to allegations against George contained in Paragraph 29, George admits that he individually has made no payments to the Plaintiff.

30. Denied.

31. Denied.

32. Denied.

33. George admits that he informed the Plaintiff that CCI dissolved. George denies all other allegations contained in Paragraph 33.

34. Denied.

35. The allegations contained in Paragraph 35 are not made against George, therefore, no response is required.

36. The allegations contained in Paragraph 36 are not made against George, therefore, no response is required.

37. The allegations contained in Paragraph 37 are not made against George, therefore, no response is required.

38. The allegations contained in Paragraph 38 are not made against George, therefore, no response is required.

39. The allegations contained in Paragraph 39 are not made against George, therefore, no response is required.

40. The allegations contained in Paragraph 40 are not made against George, therefore, no response is required.

41. The allegations contained in Paragraph 41 are not made against George, therefore, no response is required.

42. The allegations contained in Paragraph 42 are not made against George, therefore, no response is required.

43. The allegations contained in Paragraph 43 are not made against George, therefore, no response is required.

44. The allegations contained in Paragraph 44 are not made against George, therefore, no response is required.

45. George admits that he informed CRB that CCI was dissolved. George denies the remaining allegations contained in Paragraph 45

46. Denied.

47. Denied.

48. Denied with respect to the allegations against George.

COUNT I
(CONTRACT – FEE AGREEMENT)

49. George restates his responses to paragraphs 1 through 48 as if fully set forth herein.

50. George denies the allegations that he engaged the Plaintiff.

51. The allegations contained in Paragraph 51 are not made against George, therefore, no response is required.

52. The allegations contained in Paragraph 52 are not made against George, therefore, no response is required.

53. The allegations contained in Paragraph 53 are not made against George, therefore, no response is required.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT II
## (CONTRACT – GUARANTY)

59. George restates his responses to paragraphs 1 through 58 as if fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted.

66. Denied with respect to any allegation against George.

67. Denied.

## COUNT III
## (UNJUST ENRICHMENT)

68. George restates his responses to paragraphs 1 through 67 as if fully set forth herein.

69. The allegations contained in Paragraph 69 are not made against George, therefore, no response is required.

70. Denied with respect to George. By way of further response, George was never a client of the Plaintiff.

71. Denied.

72. Denied.

73. Denied.

## COUNT IV
## (MONEY DUE ON ACCOUNT)

74. George restates his responses to paragraphs 1 through 73 as if fully set forth herein.

75. Denied.

## COUNT V
## (FRAUDULENT TRANSFER)

76. George restates his responses to paragraphs 1 through 75 as if fully set forth herein.

77. Denied.

## COUNT VI
## (CONTRACT – FEE AGREEMENT; CONTRACT GUARANTEE; UNJUST ENRICHMENT; MONEY DUE ON ACCOUNT
## (SUCCESSOR IN INTEREST)

78. George restates his responses to paragraphs 1 through 77 as if fully set forth herein.

79. The allegations contained in Paragraph 79 are not made against George, therefore, no response is required.

## COUNT VII
## (CONTRACT – FEE AGREEMENT; CONTRACT GUARANTEE; UNJUST ENRICHMENT; MONEY DUE ON ACCOUNT
## (ALTER EGO)

80. George restates his responses to paragraphs 1 through 79 as if fully set forth herein.

81. Denied.

82. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims fail for a lack of consideration.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are the product of duress.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed for insufficiency of process.

### FOURTHAFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed for insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines, of laches, estoppel, and waiver.

### JURY DEMAND

The Defendant, Robert J. George, requests a jury for all triable issues.

                                    Respectfully Submitted,

Dated: February 20, 2008.        CUSTOM COMMUNICATIONS INTERNATIONAL, INC.,

                                    By its attorneys,

                                    /s/ William H. Anderson
                                    William H. Anderson, Esquire (DC Bar No. 502380)
                                    CUNEO, GILBERT & LADUCA, LLP
                                    507 C Street, NE
                                    Washington, DC 20002
                                    Phone: 202-789-3960
                                    Fax: 202-789-1813

                                    /s/ Andrew E. Goloboy
                                    RONALD W. DUNBAR, JR (*pro hac vice admitted*)
                                    ANDREW E. GOLOBOY (*pro hac vice admitted*)
                                    DUNBAR LAW P.C.
                                    10 High Street, Suite 700
                                    Boston, MA 02110
                                    Phone: 617-244-3550
                                    Fax: 617-244-6363

Defendant's Address:
Robert George
53 Green Lane
Sherborn, MA  01770

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2008.

                                                    /S/ Andrew E. Goloboy
                                                     Andrew E. Goloboy

Case 1:07-cv-02242-JR   Document 21   Filed 02/22/2008   Page 10 of 10