IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE, RAYWID & BRAVERMAN, LLP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. GEORGE, *et al.*, )<br>)<br>Defendants ) | Case No. 07-CV-2242-JR |

**JOINT LCvR 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, counsel for Plaintiff and counsel for Defendants conferred by telephone on February 28, 2008, to discuss the matters set forth in LCvR 16.3. This filing serves as a joint report of that conference call.

Counsel discussed the matters set forth in LCvR 16.3(c). Counsel were able to agree on certain items but could not come to an agreement regarding the timing of discovery. The following summarizes the agreements reached by counsel and, where applicable, the respective positions regarding matters on which the parties do not agree:

1. <u>Dispositive Motions</u>: Plaintiff believes that this matter may be resolved on dispositive motions, given the execution of a promissory note agreeing to the entry of judgment against Defendants Custom Communications International, Inc. and Robert George. Plaintiff believes that judgment regarding the alleged alter ego and successor Defendants may only be had after discovery.

Defendants believe that this matter can be resolved by motions for summary judgment at the appropriate time.

All Defendants have filed motions to dismiss, excepting Robert George, who has answered the Amended Complaint. Defendants recommend that the Court stay all discovery until the motions to dismiss are resolved. Plaintiff recommends that discovery proceed, and at minimum that jurisdictional discovery take place immediately to the extent some Defendants have sought dismissal on jurisdictional grounds.

2. <u>Joinder/Amendment Of Pleadings</u>:  The Plaintiff recommends that any joinder of parties or amendment of pleadings should be accomplished by July 15, 2008. The Defendants recommend that any joinder of parties or amendment of pleadings should be accomplished within sixty (60) days of the start of discovery. The parties further agree that no narrowing of factual or legal issues is possible at this time.

3. <u>Assignment To Magistrate Judge</u>:  The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

4. <u>Settlement</u>:  Plaintiff believes there is a realistic possibility of settlement. Defendants believe that settlement may be possible following the resolution of the motions to dismiss.

5. <u>Alternative Dispute Resolution</u>:  Plaintiff does not oppose engaging in Alternative Dispute Resolution in the abstract but would prefer to proceed with discovery and summary judgment, given the parties' prior course of dealing. Plaintiff would object to any stay of discovery pending ADR. Defendants do not believe ADR would be fruitful at the present time.

6. <u>Summary Judgment/Motion To Dismiss</u>:  Defendants believe this case can be resolved on motions for summary judgment and propose that such motions by Defendants be filed thirty (30) days after the close of discovery. Responses and cross-motions by Plaintiff would be due thirty (30) days thereafter, with Defendants' replies/oppositions due three (3)

2

weeks thereafter. Plaintiff would then file its reply two (2) weeks thereafter. The parties did not propose a date by which the Court should rule upon any motions for summary judgment. Plaintiff does not oppose this schedule, though Plaintiff notes that there has been a confession of judgment executed by Defendant George.

7.   Fed. R. Civ. P. 26(a)(1): Plaintiff does not agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Defendants recommend that initial disclosures be served by all parties within fourteen days following the resolution of the motions to dismiss.

8.   Extent Of Discovery: The parties agree that as discovery proceeds documents and other evidence will be produced that should be subject to a protective order. The parties will discuss such protective orders as the need arises.

Plaintiff proposes that jurisdictional discovery should be complete by May 15, and all discovery be completed by July 31, 2008.

Defendants agree to a four-month discovery period but believe such period should be stayed pending resolution of the pending motions to dismiss.

9.   Fed. R. Civ. P. 26(a)(2): The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

Plaintiff proposes that it designate its expert witnesses by June 2, 2008; Defendants designate their expert witnesses by July 1, 2008; and any rebuttal expert witnesses be designated by July 15, 2008. Expert witness depositions would take place at the end of July 2008.

10.   Class Action: Plaintiff is not pursuing this case as a class action or putative class action.

11.   Bifurcation Of Trial And/Or Discovery: The parties agree that neither the trial nor discovery should be bifurcated at this time.

12.     Pretrial Conference:  The parties agree to setting a pretrial conference date of December 1, 2008.

13.     Trial Date:  Plaintiff requests that the Court schedule the commencement of trial for January 5, 2009.

Defendants request that the Court set a trial date at the pretrial conference.

14.     Other Matters:  Counsel for Plaintiff discussed with counsel for Defendants that Plaintiff may seek a freeze on assets of Defendant George and perhaps his corporate entity Defendants to protect such assets from being transferred.  Defendants would object to such a freeze as unduly burdensome and inappropriate.

In accordance with LCvR 16.3(d), Plaintiff has attached a proposed scheduling order for the Court's review.  As noted above, the parties have not agreed on the whether discovery should be stayed.  In light of this disagreement, Defendants agree to the proposed schedule - except the deadline for Joinder/Amendment - submitted by Plaintiff with the reservation that all dates should be pushed back until the Court rules on the present motions to dismiss and the Plaintiiff's motion for jurisdictional discovery.

Dated:  March 14, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

   /s/ Brigham J. Bowen
Brigham J. Bowen – D.D.C. Bar No. D00301
Ronald G. London – Bar No. 456284
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006
(202) 973-4200

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

The DEFENDANTS,

By its attorneys,

  /s/ Andrew E. Goloboy
Ronald W. Dunbar, Jr (*pro hac vice admitted*)
Andrew E. Goloboy (*pro hac vice admitted*)
DUNBAR LAW P.C.
10 High Street, Suite 700
Boston, MA 02110
Phone: 617-244-3550
Fax: 617-244-6363

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLE, RAYWID & BRAVERMAN, LLP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. GEORGE, *et al.*, )<br>)<br>Defendants )<br>) | Case No. 07-CV-2242-JR |

**SCHEDULING ORDER [PROPOSED BY PLAINTIFF]**

The Court adopts the following schedule governing this action:

| | |
|---|---|
| Discovery Opens: | February 29, 2008 |
| Initial Disclosures: | March 20, 2008 |
| Plaintiff's Expert Designations: | June 2, 2008 |
| Defendants' Expert Designations: | July 1, 2008 |
| Discovery Closes: | July 31, 2008 |
| Rebuttal Experts: | July 15, 2008 |
| Deadline for Joinder/Amendment: | July 15, 2008 |
| Defendants' Summary Judgment Motions: | August 21, 2008 |
| Plaintiff's Opposition/Cross-Motions: | September 19, 2008 |
| Defendants' Oppositions/Replies: | October 10, 2008 |
| Plaintiff's Replies: | October 21, 2008 |

2

| | |
|---|---|
| Pretrial Conference: | December 1, 2008 |
| Trial: | January 19, 2009 |

<br><br>

_____
James Robertson
United States District Judge