IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP,<br>    Plaintiff,<br><br>v.<br><br>ROBERT J. GEORGE, CUSTOM<br>COMMUNICATIONS INTERNATIONAL, INC.,<br>BOSTON PUBLISHING COMPANY, INC.,<br>STRATCOMM, INC., STRATEGIC<br>COMMUNICATIONS, INC., CUSTOM<br>COMMUNICATIONS, LLC<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-CV-2242-JR<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS, BOSTON PUBLISHING COMPANY, INC.'S, STRATCOMM, INC'S, STRATEGIC COMMUNICATIONS, INC.'S, AND CUSTOM COMMUNICATIONS, LLC'S, OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

Defendants, Boston Publishing Company, Inc ("BPC"), StratComm, Inc. ("StratComm"), Strategic Communications, Inc. ("Strategic Communications"), and Custom Communications, LLC (collectively the "Defendants") hereby submit their opposition to Plaintiff, Cole Raywid & Braverman, LLP's ("Cole Raywid") cross-motion for jurisdictional discovery.  In support of this opposition, the Defendants incorporate the facts contained in their Motion to Dismiss For Lack of Personal Jurisdiction and in their Reply to Cole Raywid's Consolidated Opposition, as well as the affidavit of Robert George submitted in support of the Defendants Motion to Dismiss for Lack of Personal Jurisdiction.

.

Introduction

The instant action is merely a fee dispute between Cole Raywid and Custom Communications International, Inc. ("CCI"). CCI's principal, Robert George ("George"), is a party to this action because he was forced - improperly - to sign a personal guarantee after Cole Raywid refused to release CCI's settlement funds. Originally, Cole Raywid filed the instant action against only CCI and George, but then filed an Amended Complaint adding claims against the remaining Defendants alleging that they were/are the successors in interest to CCI or the alter egos of George or CCI. Put simply, Cole Raywid is simply trying to drain the resources of George and his companies in defending against baseless claims. Cole Raywid knows that the Defendants should not be parties to this action – this is an ill-conceived attempt to once again shake down George. Cole Raywid fails to acknowledge that this case is a fee dispute between CCI, a now dissolved corporation, and Cole Raywid.

Legal Standard

Jurisdictional discovery can be denied when the plaintiff fails to present facts that could establish jurisdiction. Roz Trading, Ltd. v. Zeromax Group, Inc., 517 F. Supp.2d 377, 388 (D.D.C. 2007); citing Caribbean Broad. Sys. Ltd. v. Cable & Wireless, PLC, 148 F.3d 1080, 1089-90 (D.C.Cir.1998) (affirming district court's denial of discovery when plaintiffs did not present sufficient evidence of jurisdiction). For the Court to allow jurisdictional discovery, the plaintiff must do more then allege "conclusory" jurisdictional facts. Roz Trading, Ltd., 517 F. Supp. at 388. "In order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." Caribbean Broad.

2

Sys., 148 F.3d at 1090 (citing cases including <u>Ellis v. Fortune Seas, Ltd.</u>, 175 F.R.D. 308, 312 (S.D.Ind.1997) ( "it is reasonable for a court ... to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery").

<u>Argument</u>

**COLE RAYWID HAS NOT SUPPLIED THE COURT WITH SUFFICIENT FACTS DEMONSTRATING THAT IT CAN ESTABLISH PERSONAL JURISDICTION OVER THE DEFENDANTS**

Cole Raywid has supplied the Court with nothing more than conclusory statements that purport to confer jurisdiction upon the Defendants. Both Cole Raywid's Amended Complaint and Consolidated Opposition to the Defendant's Motions to Dismiss ("Opposition") lack a good faith basis and sufficient facts to support its request for jurisdictional discovery.

1. Cole Raywid has not supplied the Court with a single fact to support personal jurisdiction over Defendant, Custom Communications, LLC.

Cole Raywid has failed to supply the Court with sufficient evidence to support its claims of personal jurisdiction over Custom Communications, LLC. Cole Raywid's allegations of jurisdiction with respect to Custom Communications, LLC are confined to one conclusory paragraph in its Amended Complaint:

> On information and belief, CCI LLC is a limited liability company controlled by Defendant George and engaged in business and/or holdings associated with publishing and/or strategic communications and is related in operations and interest to CCI. On information and belief, CCI LLC, has absorbed, carried on the activities of, and/or is the successor-in-interest to CCI, such that CCI LLC is liable for the obligations of CCI by way of *de facto* merger, and/or on the basis that CCI is a mere continuation of the CCI business. See Amended Complaint at ¶ 44.

3

And one footnote in its Opposition:

> CRB has been unable to uncover evidence of the operation of CCI LLC, but given the abundant evidence of George's misuse of corporate forms, misrepresentations, and obfuscations, it, too, should remain in suit pending reasonable discovery.
> See Opposition at p. 39 note 57.

These two statements do not contain a single fact or one iota of evidence that personal jurisdiction in the District of Columbia is proper as to Custom Communications, LLC. In essence, Cole Raywid's argument is that it is entitled to jurisdictional discovery with respect to Custom Communications, LLC, because it has simply concluded that it is entitled titled to it – without supporting its conclusion with any evidence. Such a position is ludicrous. This is not how our legal system works and such a position does not meet the good faith standard to demonstrate the need for jurisdictional discovery.

Cole Raywid's blanket accusations and self-serving conclusions are not enough to warrant jurisdictional discovery. To the contrary, George submitted affidavit testimony stating that Custom Communications, LLC has <u>never</u> had any business accounts, clients, or employees. See Affidavit of Robert George in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("George Affidavit") at ¶ 28. Cole Raywid has never refuted George's testimony and has not demonstrated that jurisdictional discovery would reveal any facts that would refute George's testimony. Again, Cole Raywid has not produced one iota of evidence that it has any colorable claims against Custom Communications, LLC warranting burdensome jurisdictional discovery.

Cole Raywid has failed to meet its burden of presenting sufficient evidence of jurisdiction and the Court should deny Cole Raywid's request for jurisdictional discovery with respect to Custom Communications, LLC.

4

      2.      Cole Raywid has failed to demonstrate sufficient facts to support jurisdiction over the Defendants that warrants jurisdictional discovery.

Cole Raywid failed to meet its burden to establish that jurisdictional discovery is warranted in the instant action with respect to the Defendants. Cole Raywid has asked this Court to permit it to waste the time, money, and resources of both the Court and the Defendants to conduct jurisdictional discovery all based on baseless accusations against the Defendants, in a case that they never should have been a part of. Cole Raywid argues that jurisdictional discovery should be liberally granted; however, Cole Raywid has failed to meet even the threshold requirement for the Court to necessitate the parties to engage in the burdensome process of jurisdictional discovery.

Cole Raywid argues as its basis for jurisdictional discovery that: (1) George owned CCI and now owns the Defendants; and (2) the Defendants have "[W]ithheld voluminous information about their operations and interrelations – even concealing the existence of entire businesses in an effort to defeat jurisdiction and liability." See Opposition at pp 37-38.

First, Cole Raywid inappropriately relies on Material Supply Int'l, Inc. v. Sunmatch Industrial Co., Ltd., 62 F. Supp 2d 13 (D.D.C. 1999); this time to support its request for jurisdictional discovery. See Opposition at p. 38. Material Supply is distinguishable from the instant action with respect to the gap in time between business operations of the former business and the alleged successor in interest/alter ego corporations. Id. at 19. In the instant action, it is indisputable that the eldest Defendant entity, StratComm, was not incorporated until twenty (20) months after the dissolution of CCI and worked full-time for a nonpublishing company, InfoGraphix. In Material Supply, one entity merged into another without any cessation in operations. Id at 19.

5

This distinction is not insignificant and should not be ignored. Additionally, in <u>Material Supply</u>, the corporations shared the same corporate address; this is not the case in the instant action. <u>Id</u> at 21.

Further, Cole Raywid seeks to blame George for its own failure to adequately research its claims prior to filing the instant action. Cole Raywid alleges that George has concealed corporate entities to avoid liability, which could not be more inaccurate. <u>See</u> Opposition at p. 38. The corporation Cole Raywid alleges George concealed, Strategic Communications, Inc.[1], whose existence has been a matter of public record (both its incorporation and dissolution) since November 2003. Cole Raywid has demonstrated that it is capable of accessing the Secretary of Commonwealth of Massachusetts's database when it so chooses, and has continued to mischaracterize its own failures to complete its research as misrepresentations and obfuscations on the part of George. Cole Raywid has failed to marshal enough evidence to support its request for jurisdictional discovery and has ignored several indisputable facts.

These are the indisputable facts that render the proposition of jurisdictional discovery moot: It is indisputable that CCI was dissolved in accordance with the laws of the Commonwealth of Massachusetts on November 13, 2005. <u>See</u> George Affidavit at ¶ 17; It is indisputable that in the period in between the dissolution of CCI and the incorporation of StratComm that George worked fulltime for a company outside of the publishing business, InforGraphix. Id at ¶ 20; It is indisputable that the first defendant, StratComm, was incorporated in July 2005 and that BPC and Strategic Communications were incorporated in April 2007. <u>Id</u> at ¶¶ 23-24; It is indisputable that CCI was dissolved

---

[1] The first incarnation of Strategic Communications, Inc., which was incorporated from November 2003 through May 2005.

for twenty (20) months when the earliest of the Defendants was incorporated.  Id at ¶¶ 17, 23-24.

It is indisputable that CCI sold its assets to InfoGraphix.  Id at ¶ 20;  It is indisputable that the Defendants did not contractually merge with CCI.  Id at ¶ 32; It is indisputable that George is paid a salary by the Defendants.  Id at ¶ 34; It is indisputable that George maintains personal accounts and that the Defendants maintain corporate accounts.  Id at ¶ 33;  All of these facts have been submitted to the Court in the form of affidavit testimony prior to the submission of the Opposition or are contained in readily accessible public records and have not been contradicted by any evidence posited by Cole Raywid.

It would be inequitable to subject the Defendants to the burden of the jurisdictional discovery process, particularly where, as here it will not reveal additional facts relevant to the determination of jurisdiction.

## Conclusion

Cole Raywid has not met its burden in proffering sufficient facts to support its request for jurisdictional discovery.  It has not alleged a single fact to demonstrate that jurisdictional discovery is warranted with respect to Custom Communications, LLC.  Additionally, it has failed to show that it could uncover or that the Court needs additional facts that could be ascertained with respect to the Defendants.  Therefore, the Court should deny Cole Raywid's request for jurisdictional discovery.

Respectfully Submitted,

BOSTON PUBLISHING COMPANY, INC, STRATCOMM, INC., STRATEGIC COMMUNICATIONS, INC, AND CUSTOM COMMUNICATIONS LLC,

By its attorneys,

/s/ William H. Anderson
William H. Anderson, Esquire (DC Bar No. 502380)
CUNEO, GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

/s/ Andrew E. Goloboy
RONALD W. DUNBAR, JR (*pro hac vice admitted*)
ANDREW E. GOLOBOY (*pro hac vice admitted*)
DUNBAR LAW P.C.
10 High Street, Suite 700
Boston, MA 02110
Phone: 617-244-3550
Fax: 617-244-6363

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 19, 2008.

/S/ Andrew E. Goloboy
Andrew E. Goloboy